## CHAVE v. NEW YORK & H. R. CO.

*(Supreme Court, General Term, First Department.  May 18, 1888.)*

HORSE AND STREET RAILROADS—NEGLIGENCE—INJURIES TO TRESPASSERS.

In an action for the killing of plaintiff's intestate by one of defendant's street cars, which was run without a conductor, where it appears that the deceased, a boy over 11 years of age, got on the front platform, and, after riding a short distance on the platform or the steps, let go or fell, and was run over by the car, the complaint is rightly dismissed, in the absense of evidence of any conversation between deceased and the driver, or of any negligence on the part of the latter.

Appeal from circuit court, New York county; BARRETT, Justice.

Action by Sarah R. Chave, as administratrix of Frank H. Chave, against the New York & Harlem Railroad Company, to recover damages for the killing of plaintiff's intestate. The complaint was dismissed, and judgment entered for defendant, from which plaintiff appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*George W. Blunt,* for appellant.  *H. H. Anderson,* for respondent.

BARTLETT, J.  The trial judge was entirely right in dismissing the complaint in this action.  There was no evidence of negligence on the part of the defendant.  The plaintiff's intestate, a lad over 11 years of age, got on the front platform of one of the defendant's cars, and, after riding a short distance on the platform or the platform steps, let go or fell therefrom, and was run over by the car and fatally injured.  It may be inferred from his proximity to the driver that the driver knew of his presence on the car, but there is nothing to show what, if anything, passed between him and the driver, and therefore nothing to warrant the inference that the driver consented that he should remain there.  For all that appears, the driver may have warned the boy against riding in a place of such danger.  In the argument of the counsel for the appellant, the accident is attributed to the release of the car-brake by the driver after the motion of the car had been checked, to allow a wagon to pass, and it is possible it was thus caused, although there is testimony to the effect that the boy "let go" and fell.  But there appears to have been nothing negligent in the action of the driver in the management of the brake, even if the lad did fall off in consequence of the forward movement of the car when the brake was loosened.  No witness testified that there was anything sudden or unusual in the car's motion at this time, or any movement which is not common and necessary in the ordinary running of street cars in a city. Under the circumstances of the case, we find no reason to believe that the presence of a conductor on the car would have tended in any manner to avert the injury which befell the plaintiff's intestate.  Not only is the case devoid of proof sufficient to charge the defendant with negligence, but it affords strong evidence of contributory negligence on the part of the unfortunate lad who was killed.  He was old enough to be *sui juris,* and if, as the counsel for the appellant seems to concede, he remained all the time upon the step of the car, although there was ample room upon the platform, it is difficult to escape the conclusion that he brought the accident upon himself by his own carelessness.  The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concur.