Per Curiam,
This was an action brought by the parents of Charles Ogden, a child of about ten years of age, to recover damages for his death from an injury alleged to have been the result of the negligence of the defendant company. Hpon the trial below, the court nonsuited the plaintiff, and the refusal to take it off is one of the errors assigned.
We need not discuss the question of the admissibility of the boy’s *254 declarations made shortly after he was injured, for the reason that the-evidence fails to disclose any such negligence on the part of the-defendant company as would render them liable m this action. There was nothing to show that the accident occurred at a crossing. On the-contrary, the boy was first seen at some distance from the crossing, where persons do not usually cross, and where the company was not-bound to use unusual precautions. We can only conjecture whether-he was struck by the train, or was injured in an attempt to get on the cars. The latter seems highly probable from the fact that, when seen, he appeared to be rolling or dragged under a car which was-located about the middle of the train. One of the witnesses said that when he first saw the boy he was' either falling or rolling, he-could not say which, and that he (the boy) was not on the ground. Had he been struck by the engine at the crossing it is at least improbable that he would have been found where he was, and in the condition he was. There being nothing to show that the injury occurred at a crossing, the speed of the train is not an essential element in'the case. The accident was an unfortunate one, but we-cannot hold the defendant company liable therefor in damages, in the absence of any sufficient proof showing negligence on their part.
Judgment affirmed. W. M. S., Jr.
Cf. as to res geste Carroll v. R. R., above, page 234.