The Marion Street Railroad Company v. Shaffer.

No. 1,132.

THE MARION STREET RAILROAD COMPANY v. SHAFFER.

CONTRIBUTORY NEGLIGENCE.—*Remaining Upon Platform of Street Railway Car.*—*Negligence Per Se.*—It is not contributory negligence *per se* for a passenger to remain upon the platform of a street railway car.

APPELLATE COURT PRACTICE.—*Conflicting Evidence.*—*Verdict.*—Where the evidence is conflicting, the appellate tribunal will not weigh it, nor disturb the verdict.

From the Blackford Circuit Court.

*W. H. Carroll* and *G. D. Dean,* for appellant.

*H. J. Paulus, T. B. Dicken, J. Cantwell* and *S. W. Cantwell,* for appellee.

LOTZ, J.—The appellant owns and operates an electric street railway in the city of Marion. The power was communicated to the motor by the overhead trolley method. The appellee, as a passenger, was riding on the rear platform of the motor car when the trolley pole broke, and the trolley wheel and a portion of the pole fell upon him.

He brought this action to recover damages for the injury sustained, and recovered a judgment in the court below.

The only error discussed by appellant's counsel on this appeal is that the trial court erred in overruling appellant's motion for a new trial.

It is insisted that the verdict is not supported by sufficient evidence, and is contrary to the law, in that it appears that the appellee was guilty of contributory negligence in remaining upon the platform when he might have occupied a seat within the car.

It is not contributory negligence *per se* for a passenger to stand or sit upon the platform of a street railway car.

*Nolan* v. *Brooklyn City, etc., R. R. Co.,* 87 N. Y. 63, 41 Am. Rep. 345; *Maguire* v. *Middlesex, etc., R. R. Co.,* 115 Mass. 239; *Thirteenth, etc., Street R. W. Co.* v. *Boudrou,* 92 Pa. St. 475, 37 Am. Rep. 707.

In this case, there was evidence which tended to show that the car was crowded at the time, and that there was no room for the appellee on the inside of the car. True, the evidence on this point was conflicting, and perhaps the weight of it tended to establish the contrary, still this court will not weigh the evidence under such circumstances.

Judgment affirmed, at costs of appellant.

Filed March 14, 1894.