WILLIAM FRANCISCO, Respondent, *v.* THE TROY AND LANSINGBURGH RAILROAD COMPANY, Appellant.

*Electric street railway — notice of the approach of the car to a curve — negligence in running too fast — the absence of contributory negligence must be proved — opinions of witnesses as to the rate of speed — experts.*

There is no duty resting upon a street railroad company, operated by electricity, to warn passengers of the approach of a motor to a curve in its tracks, in the absence of proof that the curve in the track is a dangerous and improper one for such railroad, or that there is any defect in the car or track which renders it dangerous.

In order to authorize a jury to find a street railroad company, operated by electricity, guilty of negligence by reason of the running of a motor car at too high a rate of speed, there must be some evidence that the rate of speed is unusual, improper or dangerous, and the jury is not permitted to speculate as to the duty of the railroad company, in regard to the rate of speed at which it may run its cars, nor to capriciously fix such rate without evidence.

A person is guilty of contributory negligence who, being an habitual passenger of a street railroad, at the time of an accident is riding on the steps of the front platform of an electric car on such street railroad, when there is ample accommodation for him within the car, and he is riding on such platform, by the permission of the conductor of such car, in order that he may smoke.

Upon the trial of an action brought to recover damages for personal injuries, the absence of contributory negligence on the part of the plaintiff cannot be presumed ; it must be proved, and the verdict of the jury cannot stand upon conjecture, however plausible the same may be, if the plaintiff cannot furnish the requisite evidence to sustain the affirmative burden cast upon him by law.

Opinions of witnesses not experts are ordinarily inadmissible, and such rule applies to all questions where the facts are susceptible of actual statement; where they are not, and resort must be had to opinions, such opinions can only be received in evidence when given by experts.

The rate of speed at which a motor car was traveling, which is not actually measured, can be given only by the opinions of witnesses, and such opinions are only allowable when given by persons peculiarly skilled on the question upon which they are called to give evidence.

APPEAL by the defendant, The Troy and Lansingburgh Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 12th day of October, 1893, upon the verdict of a jury rendered on a trial at the Saratoga Circuit, and also from an order entered in said clerk's office on the 13th day of October, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Thomas S. Fagan*, for the appellant.

*Isaiah H. Fellows, Jr.*, for the respondent.

MAYHAM, P. J.:

There are two grounds upon which the defendant asks a reversal of this judgment independently of the exceptions taken to rulings as to the receipt of evidence and to the judge's charge:

*First.* That the plaintiff failed to prove that the defendant was guilty of negligence.

*Second.* That the plaintiff entirely failed to prove that he was free from contributory negligence.

Upon the first proposition, as to evidence of the defendant's negligence, it seems that the only ground upon which the plaintiff seeks to establish the negligence of the defendant is the allegation that the motor car was run at too high rate of speed in rounding the curves in the track, and that the rate of speed was negligence *per se*.

Upon this branch of the case, resting, as it does alone, upon the rate of speed as proved, in the absence of any evidence that such a rate of speed was negligence, we do not think that the jury should have been left to speculate. There was no duty resting upon the defendant to warn passengers of the approach of the motor to a curve in the track. There is no proof that the curve in the track was a dangerous or improper one for this class of railroads, or that there was any defect in the car or track which rendered it dangerous, so far as disclosed by the evidence or urged by the plaintiff.

All that appears to be claimed by the plaintiff was the high rate

of speed at which the motor was run at the time of the accident. The car was not derailed or capsized, and it would seem that under such circumstances, to authorize a jury to find the defendant guilty of negligence, there should be some evidence that the rate of speed was unusual, improper or dangerous. Any other rule would allow a jury to speculate as to the duty of a railroad company as to the rate of speed at which they might run within the danger line and capriciously fix that rate without evidence.

It would be no hardship or improper burden upon a plaintiff claiming damages, under such circumstances, to require him to prove, by competent and experienced witnesses, the maximum rate of speed which can be attained by these motor cars without hazard to passengers, and in establishing the negligence of the defendant to prove that that safe maximum was exceeded in a given case, and we think that in this case the plaintiff was called upon to furnish such proof, and thus relieve the jury from entering the domain of conjecture or speculation.

That question was distinctly raised by the defendant's motion to dismiss the complaint at the conclusion of the plaintiff's case, folio 370, and also at the conclusion of all of the testimony, and we are inclined to think that the denial of the defendant's motion was error.

Nor do we think the evidence in this case shows that the plaintiff was free from contributory negligence. He knew the condition of this road; the existence of curves in the track; was habitually a passenger on the same, and must and should have known that the swaying of a car in passing around the curve was liable to affect the equilibrium of persons standing in the car or on the platform. He knew, or should have known, that the inside of the car was an entirely safe position for a passenger from an accident such as happened to him. He was voluntarily upon the platform, a place not provided by the defendant for the accommodation of passengers, when there was an abundance of room in the body of the car to seat all the passengers on that train.

It is true that the plaintiff swears that the conductor gave the plaintiff permission to go to the platform to smoke, but he gave him no permission to stand on the steps of the platform. Nor do we think that the defendant assumed any additional risk by permitting

the plaintiff to stand on the front platform of the car. The rule is quite universal on railroads not to permit passengers to smoke in cars adapted to all classes of passengers, and, while there is no evidence upon this subject, it is reasonable to infer that the permission of the conductor to the plaintiff to smoke on the platform was in reference to that rule or custom.

If the plaintiff had been willing to forego his desire to smoke there was abundance of sitting room for him in the body of the car, where, for his own personal safety, it was his duty to locate.

In *Clark* v. *Eighth Ave. Railroad Co.* (36 N. Y. 138) GROVER, J., in discussing this question, says : " It is the duty of the passenger, on getting on board of a car, to place himself in a safe position therein, if he is able to obtain such position, and it is no excuse for him to place himself in an unsafe one that the persons in charge know that he is unsafe and do not drive him therefrom when the unsafety is known to the passenger. That the riding upon the steps of a street car is less safe than a seat inside requires no proof. It is obviously so."

It is true that in *Nolan* v. *Brooklyn City & Newtown R. R. Co.* (87 N. Y. 63) it was held not to be negligence *per se* to ride on the platform of a car. But in that case the court recognizes a difference between riding on the steps of a car or on the platform, and clearly by implication holds the former negligence *per se.*

In *Chave, Admx.,* v. *N. Y. & H. R. R. Co.* (15 N. Y. St. Repr. 966) it was held that a boy eleven years old, and, therefore, *sui juris,* was guilty of contributory negligence for riding on the steps of a car while there was room enough to ride on the platform. We think, therefore, that the learned trial judge erred in refusing to charge as requested by the defendant's counsel in his thirteenth and fourteenth request to charge.

" 13. That if the jury find that the plaintiff was riding at the time of the accident on the steps of the front platform, then plaintiff was guilty of contributory negligence and the verdict should be for defendant.

" THE COURT.— I decline to charge that, or further than as I have.

" 14. That there is nothing going to show that fifteen or sixteen miles an hour is a negligent rate of speed.

" THE COURT.— I decline to charge that, but the jury may take the rate of speed into consideration as a circumstance in determining whether there was or was not negligence on the part of defendant."

There was proper exception to these refusals. Again, the absence of contributory negligence cannot be presumed; it must be proved (*Weston* v. *City of Troy*, 139 N. Y. 281), and the verdict must stand, not upon conjecture, however plausible, if the plaintiff cannot furnish requisite evidence to sustain the affirmative burden cast upon him by the law. (*Babcock* v. *Fitchburg R. R. Co.*, 140 N. Y. 311.)

The rate of speed at which this motor at the time of the accident was running, as we have seen, is one of the principal grounds of the plaintiff's charge of negligence by the defendant. The admissibility of the evidence offered by the plaintiff is a matter of vital importance.

Plaintiff offered as evidence the opinions of witnesses not shown to have had any special experience in determining the rate of speed at which the motor was running at the time of the injury. This kind of evidence was objected to by the defendant on the ground that the witnesses were not shown competent to give opinions on that subject. In overruling these objections, or some of them, we think the court erred.

Opinions of witnesses, not experts, are ordinarily inadmissible.

This rule applies to all questions where the facts are susceptible of actual statement; where they are not, and resort must be had to opinions, such opinions can only be given in evidence by experts. Applying this rule to the case at bar, the rate of speed, which was not actually measured, can be given only by the opinions of witnesses, and such opinions only are allowable when given by persons peculiarly skilled on the question upon which they are called to give evidence. (Rice on Evidence, 326, 327.) Tested by the above rule, we think the opinions asked for and received ought to have been excluded. The judgment, for the above reasons, should be reversed.

PUTNAM, J., concurred; HERRICK, J., concurred in the result.

Judgment reversed, new trial granted, costs to abide the event.