### BOETGEN v. NEW YORK & H. R. CO.

(Supreme Court, Trial Term, New York County.   March 16, 1898.)

STREET RAILROADS—PERSONAL INJURIES—EVIDENCE.

    An action against a street-car company cannot be maintained, where plaintiff could prove nothing except that he believed that he was struck by one of the horses of the car, but how or by whose fault he was unable to make clear.

Action by William Boetgen against New York & Harlem Railroad Company for personal injuries.   There was a verdict for defendant, and plaintiff moved for a new trial.  Denied.

Southard & Fairchild, for plaintiff.

Merrill & Rogers (Austin G. Fox, of counsel), for. defendant.

McADAM, J.   Unless the nature of the accident affords prima facie proof of negligence, there must be some evidence as to the cause of the occurrence tending to prove the negligence alleged. The mere happening of the accident will not suffice.   The plaintiff must go further, and give affirmative evidence of the existence of actionable negligence.   If the proof only suggests the possibility of negligence, it is insufficient.   Whart. Neg. § 421; Shear. & R. Neg. (4th Ed.) § 56.   "In an action founded upon negligence, the burden of proof, of course, rests upon the plaintiff.   *   *   *   It is certainly the duty of the plaintiff to prove affirmatively that the defendant has been negligent.   It is not enough for him to prove that he has suffered damage by reason of some event which happened upon the defendant's premises, or even by reason of some act or omission of the defendant.   He must also prove that the defendant in such act or omission violated a legal duty incumbent upon him.   *   *   *   He must prove facts and circumstances from which it can be ascertained with reasonable certainty what particular precaution the defendant ought to have taken, but did not take.   *   *   *   He must also prove facts from which it can fairly be inferred that the defendant's negligence was the cause, and the proximate cause, of the injury.   Id. § 57.   The plaintiff's evidence falls short of this.   He did not prove that either car of the defendant struck him.   He believed he was struck by one of the horses of the north-bound car, but

how or by whose fault he was unable to make clear. While the proof required need not be of that high degree called "demonstration," which excludes all possibility of error, it must be of sufficient cogency to make it appear, by reasonable and necessary inference, that the defendant did, or omitted to do, some act amounting to a breach of duty, and that this was the sole cause of the injury. It is not enough that the facts established are equally consistent with the presence as with the absence of negligence, for in such case the jury could do no more than surmise as to the cause, and this is not allowable. Cadwell v. Arnheim, 152 N. Y. 182, 46 N. E. 310; Wiwirowski v. Railway Co., 124 N. Y. 420, 26 N. E. 1023; Bond v. Smith, 113 N. Y. 378, 21 N. E. 128; Hoag v. Railroad Co., 111 N. Y. 199, 18 N. E. 648; Cordell v. Railroad Co., 75 N. Y. 330; Reynolds v. Railroad Co., 58 N. Y. 248. Even the absence of contributory negligence (an essential feature of the plaintiff's case) cannot be presumed; it must be affirmatively proved, and a verdict for the plaintiff cannot stand upon conjecture, however plausible in this regard. Francisco v. Railroad Co., 78 Hun, 13, 29 N. Y. Supp. 247; Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780; Babcock v. Railroad Co., 140 N. Y. 311, 35 N. E. 596; Whalen v. Gaslight Co., 151 N. Y. 70, 45 N. E. 363. No one can tell to any reasonable certainty which of the parties directly caused or to what extent either contributed to the accident complained of, and liability is not to be resolved by mere conjecture. The plaintiff certainly voluntarily put himself between the tracks of the north and south bound cars,—a position of danger, because calculated to confuse him and expose him to just such an accident as occurred. In Black v. Railroad Co., 108 N. Y. 640, 15 N. E. 389, the plaintiff got his foot upon the step of the "down car," and was thrown off by the sudden starting of the car on a signal given by the conductor, and collided with the car going in the opposite direction. The accident was clearly attributable to the negligence of the conductor in improperly starting the car. The trial judge submitted to the jury the negligence of the drivers of both cars, and this was held to be error. The "down car" in this case was clearly blameless, and there is not sufficient evidence to establish negligence on the part of those in charge of the other car. For these reasons and those stated at the trial and referred to in the cases cited (Davenport v. Railroad Co., 100 N. Y. 633, 3 N. E. 305; Moylan v. Railroad Co., 128 N. Y. 583, 27 N. E. 977; Halpin v. Railroad Co., 40 N. Y. Super. Ct., at page 175; Morgan v. Railroad Co. [Pa. Sup.] 16 Atl. 353; Rose v. Railway Co. [Pa. Sup.] 12 Atl. 78; McGeehan v. Railroad Co., 149 Pa. St. 188, 24 Atl. 205), the motion for a new trial must be denied.