[No. 7354.   Decided July 18, 1908.]

## A. M. MATTHEWS et al., Respondents, v. THE CITY OF SPOKANE, Appellant.[1]

APPEAL — REVIEW — HARMLESS ERROR — ADMISSION OF EVIDENCE. Where the dangerous and defective condition of a sidewalk was testified to by numerous witnesses and in no manner disputed, it is harmless error to admit as exhibits broken pieces of the walk not sufficiently connected with the place of the injury.

SAME.   It is harmless error to receive evidence tending to show notice by a city of the defective condition of a sidewalk after counsel had admitted that the city had notice.

MUNICIPAL CORPORATIONS—CLAIMS—VERIFICATION — HUSBAND AND WIFE—COMMUNITY PROPERTY.   A claim against a city for a personal injury to a wife may be verified by the husband alone, as it is community property.

APPEAL—REVIEW — DISCRETION — TRIAL — SUBMISSION OF SPECIAL VERDICT.   The submission of special interrogatories to the jury rests entirely with the trial court, and its refusal is not subject to review.

TRIAL—RECEIVING VERDICT.   Error cannot be assigned on the action of the court in sending the jury back with the pleadings, to cure an oversight in not sending the same to the jury room, after the

[1]Reported in 96 Pac. 827.

verdict had been read but before it was received or filed, where the jury presently returned with the same verdict, which was received and filed.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A judgment for personal injuries will not be held excessive on appeal, where two different juries and the court had approved the amount and were in a much better position than the supreme court to judge of the nature and extent of the injuries.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered March 7, 1908, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained through a defective sidewalk. Affirmed.

*L. R. Hamblen, F. D. Allen,* and *Harry A. Rhodes,* for appellant.

*Nuzum & Nuzum* and *Alex M. Winston,* for respondents.

RUDKIN, J.—On the morning of July 6, 1907, the plaintiff Mildred A. Matthews was walking along the sidewalk on one of the public streets of the city of Spokane, accompanied by her sister and her husband. The husband stepped on the end of a loose plank in the walk, and the opposite end flew up; Mrs. Matthews stepped into the hole thus left in the walk, and received the injury for which a recovery was sought in this action. The case was tried before a jury, and from a judgment in favor of the plaintiffs, the defendant has appealed.

The appellant has assigned a great many errors in its brief, but all assignments relating to the same general subject have been discussed under a single head, and we will pursue the same course. One of the witnesses for the respondents produced at the trial two planks, a piece of stringer, and some decayed pieces of boards, taken from the walk at or near the place of the accident, some few days after the injury occurred. The admission of these several pieces in evidence, the refusal of the court to strike them from the

record, and the refusal of the court to instruct the jury to disregard them and the testimony relating thereto, form the subject of several of the assignments. The ground of objection to the admission of this testimony and the several rulings of the court in connection therewith is that the planks and other material were not sufficiently connected with the place of the injury to render them competent. We are inclined to the opinion that these several items of evidence were sufficiently connected with the place of the injury to render them competent, but that question we do not feel called upon to determine. The dangerous and defective condition of the sidewalk was testified to by numerous witnesses, including sidewalk inspectors of the city. This testimony was in no manner contradicted or disputed, as the appellant offered no testimony, except as to the nature and extent of the injury complained of. While there was no formal admission as to the defective and dangerous condition of the sidewalk, yet its condition can scarcely be said to have been an issue in the case, and we do not think that the several rulings complained of were prejudicial even if erroneous.

Several other assignments relate to the admission in evidence of reports made to the city by certain of its officers, showing the defective condition of the walk; the admission in evidence of a notice given by the city to the abutting property owner to repair or rebuild the walk, and the admission in evidence of an agreement with the board of public works of the city extending the time for repairing or rebuilding the walk. The principal objection to this class of testimony is based on the ground that the appellant admitted in open court before the jury that it had notice of the condition of the walk, whatever the testimony might show that condition to be, and that testimony tending to show notice was for that reason incompetent and immaterial. The necessity for offering such proof in the face of the admission made by the appellant is not apparent, but testimony which would have

been competent and admissible in the absence of the admission of counsel was not rendered prejudicial or incompetent by reason of such admission.

Several assignments are also based on the admission in evidence of. the claim filed with the city counsel and on the rulings of the court in connection therewith. The claim was duly verified by the husband and appeared on its face to have been verified by the wife also, but the testimony tended to show that the claim was not in fact sworn to by the wife. A claim for damages for personal injury to the wife is community property and the verification of the claim by the husband alone is sufficient. *Hawkins v. Front Street Cable R. Co.,* 3 Wash. 592, 28 Pac. 1021, 28 Am. St. 72, 16 L. R. A. 808.

The refusal of the court to submit special findings or a special verdict to the jury is next assigned as error. Such matters rest entirely within the discretion of the trial court, and its rulings are not subject to review on appeal. *Bailey v. Tacoma Traction Co.,* 16 Wash. 48, 47 Pac. 241.

At the close of the trial the court, through an oversight, failed to send the pleadings to the jury room. This omission was discovered after the jury had reached their verdict and after the verdict had been read, but before the verdict was received and filed in court. The court, as a matter of precaution, sent the jury out again with the pleadings. The jury presently returned into court with the same verdict, which was received and filed. Several assignments are based on the action of the court in this regard, and upon comments made by the court in this connection. These assignments are entirely without merit and we need not discuss them.

It is lastly contended that the verdict is excessive. The case has been tried before two different juries with the same result; the trial court and jury saw the injured party and heard her testimony, as well as the testimony of the other witnesses; they were in a much better position to judge of the

nature and extent of the injury and of the weight of the testimony than is this court, and we would not be warranted in disturbing their conclusions under the showing made.

The judgment of the court below is therefore affirmed.

HADLEY, C. J., FULLERTON, MOUNT, and CROW, JJ., concur.