[No. 936. Decided October 24, 1893.]

NELS NELSON HOLM, *Appellant*, v. W. C. PRATER, *Respondent.*

SALE OF SCHOOL LANDS—OCCUPANT'S IMPROVEMENTS—APPRAISEMENT.

An occupant of school lands, whose improvements have been appraised by the county commissioners and the land and improvements offered for sale under the terms of the act providing for the sale and leasing of school lands (Laws, 1889–90, p. 438), is not entitled to have a new appraisement of such improvements as of the date of the sale, but must abide by the appraisement theretofore made.

*Appeal from Superior Court, Kittitas County.*

*Ralph Kauffman*, for appellant.

*H. J. Snively*, and *Daniel Gaby*, for respondent.

The opinion of the court was delivered by

HOYT, J.—Only one question is presented by this appeal which it is necessary for us to decide: Is an occupant of school lands, which have been regularly appraised by the board of county commissioners within two years from the date of the sale thereof, by virtue of the provisions of an act entitled "An act to provide for the sale and leasing of school lands, and declaring an emergency," approved March 28, 1890 (Laws, p. 438), whose improvements situated on said land were, at the time of such appraisement, also duly appraised by said board of county commissioners, entitled to have a new appraisement of such improvements as of the date of such sale?

Appellant contends that by virtue of the express provisions of § 7 of said act (Laws, 1889–90, p. 440), he is entitled to have the value of his improvements appraised as of the date of the sale, and that no prior appraisement

could affect his rights.   The language of said §7, upon which he relies, is as follows:

"*Provided further*, If the purchaser be not the owner of the improvements, he shall pay to the said owner, in cash, the appraised value thereof at the time of sale, within thirty days from the day of sale."

And if this provision was to be construed alone without reference to the evident intent of the legislature as embodied in the whole act, there would be much force in the contention of the appellant.   But when we construe the whole act together we think it is evident therefrom that it was the intent of the legislature that the board of county commissioners should, at the time when, under the law, they are required to appraise the value of the land, also appraise the value of the improvements, and that such appraised value should remain in force and constitute the appraised value of such improvements at the time of the sale, within the meaning of the provision above quoted, so long as the appraisement of the value of the land remains in force as a foundation for a sale under said act.   And it seems clear from the provisions of §3 (Laws, 1889–90, p. 438), that an appraisement once made shall form the basis of any sale made within five years thereafter.

This construction not only seems to us to be warranted by the terms of the act taken as a whole, but any other construction would so embarrass the action of the commissioners in making such sales, and place the bidding thereat on such an uncertain basis as to very much interfere with the efficiency of the act.   If the owner of the improvements is entitled to have them appraised as of the date of the sale, the details as to such appraisal could in no proper manner become known to the bidders at such sale, and they would, therefore, if they made any bids at all, have to make them in the dark as to the amount which they might have to pay for the improvements on the lands

struck off to them.    The evident intent of the legislature in the enactment of said law was not to provide a means by which those making improvements after the date thereof should be compensated therefor, so much as it was to protect those who, during our territorial period, and up to the date of the passage of said act, had, in good faith, made improvements.

Under our construction as above stated, the commissioners should, as a part of the report of their appraisal of the land, include also a report of their appraisement of the improvements thereon, and if this is done, and the details required by said act carried out, all persons interested and the public generally will have full opportunity to acquaint themselves with all the facts necessary to an intelligent competition among the bidders at the sale of the land.    The protection of the improvers at all was probably a pure act of grace on the part of the legislature, and if any occupiers of school lands have, since the date of said act, made improvements thereon they must be deemed to have done so in the light of the law upon the subject, and at their peril as to any compensation being awarded them therefor by the law making power.

It follows from what we have said that the appellant was not entitled to have any further appraisement of his improvements than that which had already been made, and as this contention was the only one upon which he relied for a reversal of the judgment appealed from, it must be affirmed.

DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ., concur.