[No. 2193.  Decided November 9, 1896.]

## J. F. HART LUMBER COMPANY, *Appellant*, v. WYATT J. RUCKER, *Respondent*.

SALE OF SCHOOL LANDS — IMPROVEMENTS BY LESSEE — APPRAISAL — RECOVERY OF VALUE — EVIDENCE.

The fact that improvements on school lands were placed thereon by plaintiff's assignor, in pursuance of an agreement between him and other persons as to their ownership, is not sufficient to defeat plaintiff's *prima facie* right to recover the value thereof in an action against the purchaser of such lands from the state, when such fact does not appear of record.

Where possession of school lands has been taken under a lease from the county commissioners, and improvements made thereon, a subsequent purchaser of such lands cannot escape liability for the value of such improvements by reason of any irregularity in the making of the lease.

A purchaser of school lands is estopped to claim that no appraisement of the value of the improvements put thereon by a lessee has been made by the board of county commissioners sufficient for the purposes of a *prima facie* right of recovery, when a letter from him-

self to the board of state land commissioners, which was introduced in evidence, expressly calls attention to the appraisement, while representing that it was too high.

The liability of defendant for improvements on school lands, as the purchaser thereof, sufficiently appears from evidence showing that while the particular lot in question was struck off to another, it was with the understanding that defendant was to become the purchaser, and such understanding was carried out by the entry of defendant's name as purchaser, by the payment by him of the ten per cent. of the purchase price necessary to consummate the sale, and by the fact that, in a letter to the land commissioners seeking relief on account of the excessive appraisal of the improvements, no claim was made by him that he was not the purchaser at such sale.

The fact that the appraisement of the value of improvements on school lands was made at the time of the sale thereof, and not at the time the lands were appraised, will not invalidate the appraisement. (*Holm v. Prater*, 7 Wash. 207, distinguished.)

The purchaser of school lands who bids therefor with the expectation that he must pay the owner of improvements thereon for their appraised value, cannot defeat the recovery of such owner on the ground that a portion of the improvements are not on the land purchased but are on the tide land in front thereof.

Appeal from Superior Court, Snohomish County.— Hon. JOHN C. DENNEY, Judge.   Reversed.

*C. W. Seymour, Stiles & Stevens, Coleman & Hart,* and *Sapp & Lysons,* for appellant.

*Bell & Austin,* and *Crowley, Sullivan & Grosscup,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to recover of the purchaser of school lands the appraised value of the improvements upon the land purchased.   After the evidence on the part of the plaintiff was all in, the court, upon motion of defendant, granted a non-suit, and the question presented on this appeal is as to

whether or not the evidence made out a *prima facie* case against the defendant.

The respondent sets out in his brief five propositions as to which it was necessary that the plaintiff should introduce evidence, and concedes that, if evidence sufficient to *prima facie* establish each of these five propositions was introduced by the plaintiff, the motion for a non-suit was wrongfully granted. These five propositions are stated in said brief as follows :

" First.—John F. Hart made upon lot number 11, section 16, township 29, N. R. 5 E., W. M., certain large and valuable permanent improvements, consisting of a saw mill, and improvements pertaining thereto, and dyking and slashing.

" Second.—These improvements were made by said Hart after obtaining from the state a valid lease of said lot from the authorized agents of the state.

" Third.—These improvements were subject to appraisement, and were appraised according to law by the authorized agents of the state.

" Fourth.—The defendant, Wyatt J. Rucker, became a purchaser of said lot.

" Fifth.—The plaintiff, Hart Lumber Company, became, before the commencement of this action, the owner of full and complete right and title to the claim made against the defendant, Wyatt J. Rucker, for the appraised value of said improvements."

As to the first proposition there was abundant testimony to show that certain improvements had been made upon the land in question; that the same had been made by one John F. Hart, and that his interests therein had been assigned to the plaintiff. This testimony, *prima facie* at least, established the first proposition, and this *prima facie* showing was not overcome by reason of the fact that these improvements were made by Hart in pursuance of an agreement between himself and other persons as to their owner-

ship. Notwithstanding the existence of this agreement, the improvements having been put upon the land by Hart and he having assigned his claim therefor to the plaintiff, was sufficient, at least *prima facie*, to establish the right of plaintiff to recover the value of the improvements.

The second proposition was clearly established, if the board of county commissioners had authority to make the lease introduced in evidence, and whether or not they had such authority could not concern the defendant. It purported to give the right to the lessee named therein to take possession of the land in question, and thereunder possession was taken and improvements made, and a stranger to the transaction, who would otherwise be liable for the value of the improvements, could not escape such liability by reason of any irregularity in the making of the lease.

That these improvements were appraised, by the board of county commissioners before the sale, was attempted to be shown by the introduction of copies of a portion of the records of Snohomish county, and by proof as to what transpired at the time of the sale. These were, in our opinion, sufficient to *prima facie* establish the fact of such appraisal. But, even if they were not, defendant is not in a position to question the fact that an appraisement had been made. A letter from him to the board of state land commissioners was introduced in evidence, upon which he asked such board to act officially, and in that letter there was a statement that the improvements on the lot had been appraised just before the sale at the sum of $48,000. Having stated this fact as a foundation for a claim for relief by the board, he thereafter was not in a condition to deny the fact of such appraisement in any matter growing out of the alleged purchase by

him of the lot in question. It is true that in such letter he claimed that the appraisement was fraudulent and that the actual value of the improvements did not exceed the sum of $8,000. But if the appraisement was actually made, proof of that fact would be sufficient to make out a *prima facie* case in favor of the plaintiff; and if the fact that it was fraudulent would constitute a defense, the fraud would have to be proven.

As to the fourth proposition, it sufficiently appeared from the evidence that the lot in question, with others, was in form struck off to James J. Hill, but that at the time it was so struck off it was understood that defendant was to become the purchaser of the lot in question, and James J. Hill of the other lands included in the parcel sold. This understanding was carried out by the defendant's name being entered as purchaser of the lot in question, and by the payment by him of the ten per cent. of the purchase price required to consummate the sale. Under these circumstances, he is not in a condition to claim that he was not in fact the purchaser of the lot in question, and especially is this so in view of the fact that, in the letter hereinbefore referred to, he, though seeking to avoid the sale, did not claim that he was not in fact the purchaser at such sale.

The fifth proposition has been substantially covered by what was said as to the first. If others than Hart were interested in the improvements, that fact did not appear of record, and a conveyance by him to the plaintiff would at least *prima facie* convey a good title.

There was then, in our opinion, testimony tending to establish each of the facts necessary to enable the plaintiff to recover, if, under the law, there could have

been any appraisement of the improvements upon the land by the commissioners at the time it was made. From what is said in the briefs it is probable that the court construed the case of *Holm v. Prater*, 7 Wash. 207 (34 Pac. 919), to negative the right of the commissioners to make such appraisement. What was held in that case was that an appraisement of the improvements having been once made the fact that other improvements were placed thereon before the sale would not entitle the owner thereof to a second appraisement. But in the case at bar there was nothing tending to show that there had been any appraisement of the improvements prior to the one in controversy. It is true that there was some testimony tending to show that an appraisement of the land had been before made. But if from that fact an inference would flow that the improvements had also been appraised, such inference was negatived by testimony showing that the commissioners understood that the appraisal of the improvements must be as of the day of the sale.

We have not overlooked the extended and able discussion as to the rights of the parties growing out of the alleged fact that much of these improvements were on tide lands in front of the lot, and not upon the lot itself; but, under our view of the law, the defendant is not in a position to take advantage of that fact, if fact it was. The appraisement having stated that the improvements were upon the lot in controversy, the defendant must be presumed to have bid with the expectation that he must pay to the owner thereof the amount of such appraisement, and while we will not now decide as to the liability of the purchaser for improvements appraised as a part of the land purchased, if in fact they are upon an entirely

different lot, we do hold that under the circumstances disclosed by the evidence in this case the purchaser cannot take advantage of the fact that some portion of the improvements were upon tide land in front of the upland purchased by him.

As to what would be the effect upon the rights of the owner of improvements upon school land to collect their appraised value from the purchaser thereof, if such improvements had been fraudulently made or appraised, we shall not now decide. It is sufficient to say that at the time plaintiff rested there was no sufficient showing that the right of plaintiff to recover had been affected by any fraud in the appraisement.

The judgment will be reversed and the cause remanded with instructions to deny the motion for non-suit and proceed with the trial of the cause in accordance with this opinion.

SCOTT, ANDERS and GORDON, JJ., concur.