[No. 2465.  Decided January 23, 1897.]

THE STATE OF WASHINGTON, *on the Relation of The
J. F. Hart Lumber Company*, v. THE SUPERIOR COURT
OF SNOHOMISH COUNTY AND JOHN C. DENNEY, *Judge.*

PROHIBITION, WRIT OF — OPERATION OF WRIT — CHANGED CONDITIONS.

Where, pending a hearing upon an application for a writ of pro-
hibition to restrain the superior court from bringing an action to
trial before an illegal jury, who are disqualified in consequence of
having served as jurors within the preceding year, the court dis-
misses such jury subsequent to the issuance of the alternative writ
and brings the action to trial before another jury, to which the
same objection cannot be urged, there is nothing for a writ of pro-
hibition to operate upon, and the applicant is not entitled to a per-
emptory writ.

*Original Application for Prohibition.*

*W. H. Pritchard, Stiles & Stevens,* and *Coleman & Hart,*
for relator:

While operation of a writ of prohibition is primarily
and principally preventive rather than remedial, yet
remedial or corrective remedies may be offered as in-
cidental to the principal office of the writ.  *Havemeyer
v. Superior Court,* 84 Cal. 327.  It is a familiar rule
that, where a court has jurisdiction, it will afford com-
plete relief, and that a party will not be compelled to
resort to more than one action for redress of an injury.
*French v. Noel,* 22 Grat. 454.

*P. C. Sullivan, A. F. Burleigh, Bell & Austin,* and *Crow-
ley & Grosscup,* for respondent:

The court having discharged the jury complained
of, as shown by the return, the facts and conditions
are so changed after the alternative writ was issued
that there is no ground for the issuance of a final writ

under changed conditions, and the alternative order becomes inoperative from the time of such changed conditions. *United States v. Hoffman*, 4 Wall. 158; *Williams v. Shoudy*, 12 Wash. 362; *Pennsylvania v. Wheeling, etc., Bridge Co.*, 18 How. 421.

Decrees and writs are to be considered in connection with the pleadings, and, if the language is broader than is required, it will be limited so that its effect will be such, and such only, as is needed for the purpose of the case as has been made. *Barnes v. Chicago, etc., Ry. Co.*, 122 U. S. 14; *State, ex rel. Dubuisson, v. Perrault*, 48 La. An. 474.

The opinion of the court was delivered by

Scott, C. J.—In this matter, upon the *ex parte* application of the relator alleging facts from which it appeared that the lower court was about to exceed its jurisdiction in bringing a certain action — of The J. F. Hart Lumber Company *v.* Wyatt J. Rucker — to trial before a jury of persons who were disqualified to act, in consequence of having served as jurors at another term of court within one year preceding said time, and as there seemed to be no other adequate remedy, and being willing that the matter should be brought before us for determination, an alternative writ of prohibition was directed to issue, returnable on the 15th day of January, 1897. Service was had and a return made by the respondent, from which it appears that said objectionable jury was discharged and a new jury called and the cause tried before the return day of the writ.

The relator moved to strike this return on the ground that the respondent had proceeded in violation of the alternative writ in trying said cause at all before the matter complained of was finally heard in this court.

There is a contention as to what relief the plaintiff is entitled to now under such circumstances, it being contended upon one side that the court should order such trial set aside and place the parties *in statu quo*, and on the other that, the trial having taken place, no relief can be given in this proceeding.

But the first point to determine is, was there a violation of the writ? It is clear that the only matter sought to be prohibited was the trying of the cause before the said illegal jury. It is true, some complaint was made in the application of the relator that the court had set the cause for trial in violation of one of the rules of said court. But it goes without saying that this court would not interfere by the extraordinary remedy of prohibition in a mere question of practice concerning a rule of the lower court; nor did the alternative writ purport to do so. The action of the respondent in discharging the jury complained of must be regarded as a confession, in so far as this proceeding is concerned, that said jury was an illegal one, and that the trial of the cause before said jury was properly restrained. The only purpose of such an alternative writ is to cause the court or judge to forego or abandon the contemplated action or proceeding complained of, or otherwise to show cause why the same should be permitted. Consequently, two courses were open to the respondent; one to refrain from the alleged illegal action; the other to contest the question of its illegality, and the former was chosen.

However, it is contended by the relator that this writ in terms absolutely prohibited the court from trying the cause at all until the return day. But we do not so regard it. If it did so absolutely prohibit the court from trying the cause over which it had juris-

diction, it was improper in form and not appropiate to the relief to which the relator was entitled, and would be quashed and the proceeding set aside upon a proper application, although this court would not permit the lower court to proceed in violation of its terms while it remained in force, as the remedy would be to apply here for a modification. But the fair construction of the writ, especially considering the ground upon which it was based, recited therein, is that it was only intended to, and only did, restrain the court from proceeding to try said cause before the alleged illegal jury aforesaid, until a hearing could be had and the matter determined. The lower court saw fit to comply with the alternative writ by discharging such jury and calling another. For that reason the final writ should not issue, but the error being confessed, the relator will recover its costs against the defendant in the principal action, he being the interested party.

REAVIS, GORDON and DUNBAR, JJ., concur.