[No 3097. Decided December 16, 1898.]

## J. F. HART LUMBER COMPANY, *Appellant,* v. WYATT J. RUCKER, *Respondent.*

AMENDMENT OF PLEADINGS — CONTINUANCE — SPECIAL INTERROGATORIES — RECOVERY FOR IMPROVEMENTS ON STATE LANDS — AGENCY AS DEFENSE.

The amendment of pleadings, granting or refusing a continuance and submission of special interrogatories to the jury, are matters within the discretion of the trial court, whose action will not be disturbed in the absence of a showing of abuse.

In an action to recover the value of improvements made by plaintiff's assignor upon school lands held under lease, which were subsequently purchased by defendant, an answer that defendant acted as agent for plaintiff's assignor in making purchase of the lands sets up a complete defense to the action.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

Action by the plaintiff to recover the value of certain improvements placed upon leased school lands by plaintiff's assignor, the complaint alleging that defendant became liable therefor by reason of a subsequent purchase

of the lands by him from the state.  Among other defenses
set up, it was alleged that plaintiff's assignor, Hart, was
the actual purchaser of the land in controversy; that after
the sale defendant, at the request of Hart and for his use,
paid the purchase money with the understanding that the
land should be transferred to Hart and he should assume
all obligations of the sale; and that Hart subsequently re-
pudiated his agreement to take the lot, and the auditor
entered defendant as the purchaser thereof.

*Theodore L. Stiles, W. H. Pritchard,* and *Coleman &
Hart,* for appellant.

*Crowley & Grosscup,* and *Sullivan & Christian (Bell
& Austin,* of counsel), for respondent.

PER CURIAM.—This is the fifth time in the course of
the litigation that this cause has received the attention of
this court.  Its history will be found in *Hart Lumber Co.
v. Rucker,* 15 Wash. 456 (46 Pac. 728); *State ex rel. Hart
Lumber Co. v. Superior Court,* 16 Wash. 347 (47 Pac.
754); *Hart Lumber Co. v. Rucker,* 17 Wash. 600 (50
Pac. 484); *State ex rel. Rucker v. Superior Court,* 18
Wash. 227 (51 Pac. 365).

The present appeal is from a judgment entered upon
the verdict of a jury.  The errors assigned relate to
rulings of the court (1) in permitting the answer to be
amended and a supplemental answer filed, and thereafter
receiving evidence in support of the new defenses raised
by such amendments; (2) in requiring the plaintiff to
admit that an absent witness would, if present, testify as
set forth in an affidavit, in order to avoid a continuance;
(3) in submitting certain interrogatories to the jury, and
in the charge and refusal to charge; (4) in denying
plaintiff's motion for a new trial, and its motion for judg-
ment *non obstante veredicto.*

1. The application of parties for leave to amend the pleadings, as well as the application for a continuance, was addressed to the sound discretion of the court, and the appellant has failed to convince us that this discretion was abused. The court also exercised a discretion in submitting special interrogatories to the jury, and we are satisfied that no error was committed in this particular.

2. The fifth affirmative defense set up in the amended answer alleged, in substance, that the respondent, Rucker, acted for and on behalf and at the request of John F. Hart, appellant's assignor, in purchasing the property out of which this litigation arises. There was considerable evidence introduced by the parties directed to this issue, and in many respects the evidence was very conflicting. In answer to special interrogatories addressed to them, the jury have found that this defense was fully established. After a careful examination of every exception relating to the submission of this issue, we think that it was properly submitted to the determination of the jury, under instructions which were certainly very favorable to the appellant, and of which no just complaint can be made by it. This defense, if established, was complete in itself and entitled the defendant to judgment. We think it was established, and the verdict of the jury must be regarded as conclusive.

With reference to the other issues raised by the pleadings, the findings of the jury were in plaintiff's favor and, if any error was committed in submitting those issues to the jury's consideration, it was harmless and without prejudice to the plaintiff. The trial in the lower court consumed a great deal of time, and a very large volume of evidence was introduced. The presiding judge was eminently fair and just, and no material or substantial right of the parties was disregarded. The jury saw the wit-

25—20 WASH.

nesses, heard their testimony, and rendered a verdict for the defendant. The plaintiff must abide the result.

The judgment is affirmed.