[No. 4618.   Decided August 8, 1903.]

ELLA M. STANLEY, *Respondent,* v. SARAH E. STANLEY, *Appellant.*

APPEAL — SUFFICIENCY OF EVIDENCE.

Where there is substantial evidence in the record sustaining the verdict, though it be but the evidence of the person in whose favor the verdict was rendered, the supreme court has no rightful power to reverse the judgment for want of facts, no matter how strongly it may be convinced that the evidence preponderates with the other side.

HUSBAND AND WIFE — ALIENATION OF AFFECTIONS — ACTION BY WIFE — EVIDENCE.

In an action for the alienation of her husband's affections, where it was not contended by the plaintiff, either in her complaint or evidence, that any one act of the defendant caused the separation of herself and husband, it was not error for the court to refuse to permit cross-examination of plaintiff requiring her to name some one act which caused the separation.

SAME.

In such an action, the complaint in a prior action by the husband for divorce was admissible in evidence as a declaration of the defendant, where the attorney who drew it up had already testified that he procured the facts therefor from the defendant in the present action.

SAME — INSTRUCTIONS — ELEMENTS OF DAMAGE — LOSS OF SUPPORT.

A charge to the jury in such a case that they might consider loss of support as an element of damage was not erroneous, although there had been no direct evidence as to its money value, when there was evidence before the jury showing the circumstances and conditions in life of the husband and wife.

SAME — EXCESSIVE DAMAGES.

A verdict for $3,500 for the alienation of a husband's affections is not so excessive as to appear to be the result of passion and prejudice on the part of the jury.

VERDICT — IRREGULARITY.

A verdict will not be set aside by reason of the fact that it had been obtained by computation, through the process of adding

together the amounts favored by each individual juror and divid-
ing the total by twelve, where it does not appear that an agree-
ment was entered into by the jurors in advance to so agree upon
a verdict.

Appeal from Superior Court, King County.—Hon.
GEORGE E. MORRIS, Judge. Affirmed.

*A. G. McBride,* for appellant.

*W. F. Hays,* for respondent.

The opinion of the court was delivered by

FULLERTON, C. J.—The respondent brought this action
in the court below to recover from the appellant and
William M. Stanley damages for alienating her husband's
affections. On the trial she recovered a substantial judg-
ment against both defendants, from which an appeal was
taken to this court, which reversed the judgment, and re-
manded the cause, with instructions to grant a nonsuit
as to William M. Stanley, and to retry the cause as to
the appellant. *Stanley v. Stanley,* 27 Wash. 570 (68 Pac.
187). The cause was retried, as directed, and resulted
in a verdict and judgment against the appellant for the
sum of $3,500. This appeal is from that judgment.

The first error assigned, and the one to which the argu-
ment both in the brief and at the bar was principally di-
rected, is that the evidence is insufficient to justify the ver-
dict. We have examined the some eight hundred pages of
the record devoted to a statement of the evidence, and while
we can see how the jury could well have found that the
weight of the evidence was with the appellant, we cannot
say there was no substantial evidence sustaining the re-
spondent's case. Indeed, if the respondent's testimony
was to be believed (and that was a matter solely for the
jury to determine), the appellant was the sole cause of her

husband's loss of affection for her, and the cause of his subsequent abandonment of herself and her child. While there is not much evidence corroborative of her statements, none is required to sustain the verdict in this court. We are not permitted to retry the facts. If there is substantial evidence in the record sustaining the verdict and judgment, though it be but the evidence of one witness, and that witness the person in whose favor the verdict and judgment is rendered, we have no rightful power to reverse the judgment for want of facts, no matter how strongly we may be convinced that the evidence preponderates with the other side. On this question, therefore, the appellant is concluded by the finding of the jury.

Of the assignments which are thought to require a retrial of the cause, the first is that the court erred in sustaining objections to the following questions asked the respondent on her cross-examination, viz.: "Now I wish you would state to this jury one single act on the part of this defendant, Mrs. Stanley, whereby she caused a separation between you and your husband?" "Can you name any one act on behalf of this defendant that caused the separation of you and John?" The court sustained objections to these questions, we think rightly, on the ground that they were too general to support any of the issues. The respondent did not contend, either in her complaint or in her evidence in chief, that any one act of the appellant caused the separation of herself and husband, but she alleged and testified to a series of acts and circumstances, covering a considerable period of time, and it was the sum of these that she relied upon as sustaining her claim that her husband's affection had been alienated by the appellant. But had it been proper to have required her to answer the questions, her answers could not have

enlightened the jury in any way. The jury then knew that she could not name any such act, and knew, moreover, that she did not profess or pretend to be able to do so. When a fact which, from its nature, cannot be contradicted is once fairly presented to a jury, it is not error to refuse to permit subsequent repetitions of it.

The court in charging the jury stated to them that they might consider loss of support as an element of damage in case they found for the respondent; carefully instructing them as to the time her right to such support ceased. It is objected to this that there was no evidence before the jury tending to show the value of such support, and that any estimate as to its value by the jury would be mere conjecture. It is true no one stated in dollars and cents what the value of such support would be, but we cannot think for that reason there was no evidence at all on the question. The surrounding circumstances and conditions in life of the husband, as well as those of the respondent, were very fully shown, and from these the jury were just as capable of forming an estimate of the loss as any individual could possibly be. It was not a matter that called for expert testimony.

The trial court permitted the respondent to read to the jury a complaint in the action for divorce brought in the name of the respondent's husband against her, after the attorney who drew the complaint had testified that he obtained the facts recited therein from the appellant, and had instituted the action at her solicitation. It is urged that to admit the complaint in evidence was error. But we think not. It was permissible for the attorney who drew the complaint to testify who employed him to draw the complaint, and who furnished him with the facts therein recited. *Stanley v. Stanley*, 27 Wash. 570 (68

Pac. 187).   The complaint, therefore, was admissible as a declaration of the appellant.

It is next urged that the verdict was a chance or quotient verdict, and that the motion for a new trial should have been granted for that reason.   It does appear by the affidavit of one of the jurors and the statement of another, shown by the affidavit of counsel, that the jury, in the course of their deliberation, after they had agreed to return a verdict for the respondent, set down the amount each individual juror favored returning, added the amounts together, and divided the total by twelve; but it does not appear that they agreed in advance to return as their verdict the sum that should be thus obtained, nor did they, in fact, return such a sum as their verdict, though, perhaps, the verdict was very nearly one such amount.   This is insufficient to authorize the setting aside of the verdict.   Courts have held that where the jurors agree in advance of the process to return the result as their verdict, and afterwards do so, that the verdict ought not to be allowed to stand.   But it is not a valid objection to a verdict that it was the result of this or some other method of computation, if it finally receives the sanction of the necessary number of jurors required to return a verdict. *Watson v. Reed,* 15 Wash. 440 (46 Pac. 647, 55 Am. St. Rep. 899).

It is next said that the verdict is excessive, and was given under the influence of passion and prejudice; but we find nothing in the record to sustain these contentions. The amount returned was not immoderate when compared with verdicts in similar cases, and we see nothing in the evidence or the circumstances surrounding the parties which even tends to show that the verdict was not the result of the honest conviction of the jury.

Lastly, it is insisted that the evidence shows a full and complete settlement of the cause of action prior to the commencement of the action, and that this court ought to reverse the cause, and direct a judgment for the appellant, for that reason. But here again the evidence was conflicting, and the finding of the jury on conflicting evidence, we repeat, is conclusive upon this court.

The judgment appealed from is affirmed.

HADLEY, ANDERS, DUNBAR and MOUNT, JJ., concur.