[No. 7123.   Decided August 21, 1908.]

THE FARRELL COMPANY, *Respondent*, v. MRS. C. IHRIG,
*Appellant*.[1]

APPEAL—REVIEW—GRANT OF NEW TRIAL—DISCRETION.   The grant-
ing of a new trial on the ground of insufficiency of the evidence will
not be reviewed where there is a conflict in the testimony, except for
abuse of discretion.

Appeal from an order of the superior court for King
county, Gilliam, J., entered September 3, 1907, granting
plaintiff a new trial, after a verdict rendered in favor of the
defendant, in an action of forcible entry and detainer.   Af-
firmed.

*Kerr & McCord* and *Vince H. Faben*, for appellant.

*Frank M. Egan* and *Higgins, Hall & Halverstadt*, for re-
spondent.

CROW, J.—Action commenced January 3, 1907, by The
Farrell Company, a corporation, against Mrs. C. Ihrig, in
forcible entry and detainer, to recover possession of real
estate in the city of Seattle.   The plaintiff alleged that it had
leased the property to the defendant at a monthly rental of
$300, payable in advance on the first day of each month; that
by proper legal notice, duly served, it had terminated such
tenancy, and that the defendant wrongfully continued in pos-
session.   Upon the giving of bond, a writ of restitution was
issued, under which the defendant was evicted, and the plain-
tiff was placed in possession pending the prosecution of this
action.   The defendant by her answer and evidence contended
that on or about May 1, 1905, the plaintiff had leased the
property to one Thomas Carstens, for a term of three years
from that date, at a rental of $300 per month; that with
plaintiff's knowledge and consent, Carstens, on or about De-

[1]Reported in 97 Pac. 52.

cember 1, 1905, assigned this lease to the defendant, and placed her in possession; that the lease had been lost and could not be found; that since taking possession, the defendant had continually paid monthly rental under the lease, which the plaintiff received, and that the defendant was entitled to continue in possession until May 1, 1908. The plaintiff denied that it had executed any lease to Carstens, or that the defendant was its tenant, except as alleged in its complaint. The controlling issue between the parties was whether the three-year lease had been executed and delivered. On a trial of this issue, the jury returned a verdict in favor of the defendant. The plaintiff filed and served its motion for a new trial which was granted by an order reading as follows: "It is therefore ordered, adjudged and decreed that said motion for a new trial be granted upon the sole ground that there is not sufficient evidence in the case to justify the verdict." From this order the defendant has appealed.

Appellant's only contention is that the trial court erred in granting the new trial. After a careful examination of all the evidence, we do not regard it as sufficient to sustain the finding which the jury must have made, to the effect that the three-year lease had been executed and delivered to Carstens and assigned to appellant as contended by her. Assuming, however, that the evidence offered by appellant tended to sustain her allegation of the execution, delivery, and assignment of the lease, yet the evidence of respondent's witnesses was direct and positive to the effect that no such lease had ever been executed or delivered. It also appeared that the alleged lease could not be found or produced. We have repeatedly held, in actions where there was a substantial conflict of evidence, that the granting of a new trial on the ground of insufficiency of evidence to support the verdict of a jury is discretionary with the trial court, and that the exercise of such discretion, in the absence of its abuse, will not

be reviewed by this court. *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907; *Friedman v. Manley,* 21 Wash. 43, 56 Pac. 832; *O'Rourke v. Jones,* 22 Wash. 629, 61 Pac. 709. As we find nothing in the record suggesting any such abuse, the order granting the new trial must be sustained.

The judgment is affirmed.

HADLEY, C. J., FULLERTON, and DUNBAR, JJ., concur.
MOUNT and ROOT, JJ., took no part.