[No. 7803.  Decided March 9, 1909.]

J. ELBERT WILLIAMS, *Respondent*, v. C. A. BARTZ *et al.*,
*Appellants.*[1]

APPEAL—REVIEW—VERDICT. After the refusal of a new trial be-
low, the supreme court cannot set aside the verdict of a jury because
against the preponderance of the testimony, if it is supported by
substantial evidence, although it be but the evidence of a single
interested witness.

Appeal from a judgment of the superior court for Lewis
county, Rice, J., entered June 8, 1908, upon the verdict of
a jury rendered in favor of the plaintiff, in an action on
contract. Affirmed.

*J. R. Buxton* and *Dysart & Ellsbury*, for appellants.

*L. H. Schellbach* and *B. H. Rhodes*, for respondent.

MOUNT, J.—This action was brought to recover upon an
alleged contract for wages. The defendants denied the con-
tract and alleged a counterclaim for damages. The cause
was tried to the court and a jury. A verdict was returned in
favor of the plaintiff. Defendants' motion for a new trial
was denied, and a judgment was entered upon the verdict.
The defendants have appealed.

But two errors are assigned; that the court erred (1) in
denying defendants' motion for a new trial, and (2) in enter-
ing the judgment appealed from. The errors are both based
upon the contention that the evidence is not sufficient to sus-
tain the verdict. It is not claimed that there was no evidence
to support the verdict, but appellants contend that the ver-
dict is based upon the evidence of the respondent only. Con-
ceding this to be true, this court has held that,

"If there is substantial evidence in the record sustaining
the verdict and judgment, though it be but the evidence of
one witness and that witness the person in whose favor the
verdict and judgment is rendered, we have no rightful power
to reverse the judgment for want of facts, no matter how

[1]Reported in 100 Pac. 186.

strongly we may be convinced that the evidence preponderates with the other side. On this question, therefore, the appellant is concluded by the finding of the jury." *Stanley v. Stanley*, 32 Wash. 489, 73 Pac. 596.

We have often held that, where there is a conflict of evidence, and the jury have passed upon the credibility of the witnesses and found a verdict, and the trial court afterwards denies a motion for a new trial and enters judgment thereon, such judgment is conclusive, except perhaps where there is an abuse of discretion in the lower court. *Warwick v. Hitch-ings*, 50 Wash. 140, 96 Pac. 960; *Ottomeier v. Hornburg*, 50 Wash. 316, 97 Pac. 235; *Farrel Co. v. Ihrig*, 50 Wash. 281, 97 Pac. 52; *Strandell v. Moran*, 49 Wash. 533, 95 Pac. 1106; *Suell v. Jones*, 49 Wash. 582, 96 Pac. 4; *Wilcox v. Watson*, 49 Wash. 215, 94 Pac. 1135.

This rule is conclusive of the case. There is no error in the record, and the judgment must be affirmed.

RUDKIN, C. J., FULLERTON, CROW, and CHADWICK, JJ., concur.

DUNBAR and GOSE, JJ., took no part.