[No. 11274.  Department Two.  December 19, 1913.]

MICHAEL LOY, *Respondent*, v. NORTHERN PACIFIC RAILWAY COMPANY *et al., Appellants.*[1]

APPEAL—REVIEW—VERDICTS.  A verdict supported by substantial evidence, cannot be set aside on appeal because against the weight of the evidence, where the trial court refused to grant a new trial for insufficiency of the evidence.

APPEAL—RECORD—REMARKS OF COUNSEL—AFFIDAVITS—STATEMENT OF FACTS—NECESSITY.  Error cannot be assigned on misconduct of counsel in argument to the jury, where the remarks were not taken down or reduced to writing and preserved in the record, but were shown only by affidavits on a motion for new trial, denied by counter affidavits, and not certified by the trial judge and made a part of the statement of facts.

TRIAL—SPECIAL INTERROGATORIES—DISCRETION.  Whether interrogatories or special findings shall be submitted to a jury is a matter entirely within the discretion of the trial court.

NEW TRIAL—MISCONDUCT OF JURY—QUOTIENT VERDICT.  The rendition of a "quotient" verdict, in an action for damages, is not ground for a new trial, where it does not appear that the jurors had agreed in advance to be bound by the quotient, each having merely stated the amount he deemed proper, and after the quotient was ascertained, the requisite number agreeing to accept the same.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.  The damages in a personal injury case will not be held excessive where, if the plaintiff's evidence is believed, there was substantial evidence to sustain the amount of the verdict.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered October 25, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort.  Affirmed.

[1]Reported in 137 Pac. 446.

*Geo. T. Reid, J. W. Quick,* and *L. B. da Ponte,* for appellants.

*Forney & Ponder,* for respondent.

MAIN, J.—The purpose of this action was to recover damages alleged to have been sustained by the plaintiff while being wrongfully ejected from a train of the defendant company. The cause was formerly before this court and the decision is reported in 68 Wash. 33, 122 Pac. 372. The facts will not here be stated except in so far as may be necessary to an understanding of the points to be considered.

The cause was tried before the court and a jury. A verdict was returned in favor of the plaintiff in the sum of $6,640.92. Thereafter a motion for new trial was made, which was supported and opposed by affidavits. The motion was denied. Judgment was entered upon the verdict. The defendants have appealed.

The trial court submitted to the jury certain special interrogatories and refused to submit others. This ruling is complained of by the defendants as prejudicial.

Error is also sought to be predicated upon the argument of plaintiff's counsel to the jury. It is claimed that this argument brought before the jury matters which the record did not justify; and that it was highly inflammatory and improper. The objectionable remarks were not taken down by the court reporter. They are sought to be shown by an affidavit by the attorney for the defendants in support of the motion for new trial. This affidavit is met by a counter affidavit on the part of counsel for the plaintiff. Both affidavits are embodied in the statement of facts. The court, however, does not certify as to the remarks actually made. The affidavits are in conflict.

It appears that the jury arrived at their verdict in the following manner: Eleven jurors voted favorably to the plaintiff, each specifying the amount that he considered the plaintiff should receive; W. S. Blanchard, the foreman, voted

that the plaintiff was entitled to nothing; thereupon the amounts were added together and divided by eleven, the result being $6,640.92; thereupon the foreman stated: "All who are in favor of allowing the plaintiff the sum of $6,640.92 will please say yes," or words to that effect, and all of the jurors except the foreman answered, "Yes." The jury then returned into court and were asked by the court if they had agreed upon a verdict. The foreman answered that they had. The verdict was then handed to the clerk and by him read and when asked by the court if that was their verdict, eleven jurors answered that it was. The defendants contend that the verdict was arrived at by lot or chance and, therefore, is not legal.

The questions presented are, first, is the verdict sustained by the evidence; second, misconduct of counsel; third, did the trial court err either in refusing or in submitting interrogatories to the jury; fourth, did the jury arrive at their verdict by lot or chance; and fifth, is the verdict excessive?

I.    From the statement of facts it appears that the evidence on the part of the plaintiff and the defendants respectively is in conflict in many material particulars. If, however, there is substantial evidence to sustain the verdict, and the trial court upon motion has refused to set it aside, this court cannot grant a new trial because it may believe that the weight of the evidence was against the verdict. *Warwick v. Hitchings,* 50 Wash. 140, 96 Pac. 960; *Bennett v. Seattle Elec. Co.,* 56 Wash. 407, 105 Pac. 825; *Kincaid v. Walla Walla Valley Traction Co.,* 57 Wash. 334, 106 Pac. 918, 135 Am. St. 982; *Meador v. Northwestern Gas & Elec. Co.,* 55 Wash. 47, 103 Pac. 1107. In the case last cited it was said:

"The weight and sufficiency of evidence is for the consideration of the jury, and their verdict must be sustained in the appellate court when supported by substantial evidence, even though the court should be of the opinion that the weight of the evidence is against the verdict."

We are unable to find that there was not substantial evidence which would support the verdict and, therefore, under the rule stated, the verdict cannot now be disturbed.

II.  On the question of the misconduct of counsel, it appears that the objectionable remarks were made in the presence of the court during the trial and might have been preserved, either by the stenographer, or upon request the court itself might have reduced them to writing.  This, however, was not done.  Upon motion for new trial, the defendant's counsel, by affidavit, set forth his version of the objectionable remarks.  The plaintiff's counsel answered, denying and setting forth their version of the same.  The trial judge has included both affidavits in the statement of facts but does not certify as to which, if either, correctly contains the substance of the language used.  The language having been used in the presence of the court, it should have been certified to by the court and made a part of the statement of facts.  To permit such facts to be presented by affidavits, gives rise to an unseemly contest between counsel upon matters that occurred in open court during the progress of the trial, and in the interest of orderly procedure, should not be tolerated. The objectionable language not having been preserved in the statement of facts, it cannot here be reviewed.  In *Maryland Casualty Co. v. Seattle Electric Co.*, 75 Wash. 430, 134 Pac. 1097, it was said:

"It will be noted that some of the situations contemplated by the first three of the grounds for a new trial might arise upon matters occurring in open court during the progress of the trial, and the facts would then appear as a part of the record.  In such a case, it is obvious that affidavits presenting such facts would be unnecessary and improper.  Other situations contemplated by any one of these four subdivisions might arise out of matter not occurring in open court during the progress of the trial, and hence not appearing in the record.  In such a case, evidence *aliunde* the record would be not only proper but necessary to any disclosure of the facts relied upon for a new trial."

In *Rayburn v. Central Iowa R. Co.*, 74 Iowa 637, 35 N. W. 606, 38 N. W. 520, the court, speaking upon this question, used this language:

"It is urged that the court below erred in not setting aside the verdict on account of the misconduct of plaintiff's counsel in presenting, in their arguments to the jury, inflammatory appeals and considerations, which should not have been urged, to influence the finding of the verdict. The substance and language of that part of counsel's argument to which the objection is made are set out in affidavits of defendant's counsel at the trial, and of others. Counter-affidavits were filed by counsel on the other side. This contest of affidavits between members of the profession is unseemly, and ought not to be tolerated. The law provides for perpetuating of record such matters by bills of exceptions by which the court below can show the facts, thus avoiding the necessity of resorting to affidavits. In view of the fact that usually a short-hand writer is in attendance upon the trial courts, his aid can be secured to take down the improper words of counsel; or the court, when objection is made thereto, can at the time reduce them to writing. In either case, they may be then or afterwards embodied in a bill of exceptions. This practice will involve no inconvenience, and will secure greater accuracy in preserving the objectionable words of counsel than can be attained by resorting to affidavits and counter-affidavits. We conclude that matters of this kind ought not to be made of record, and brought here, except upon bills of exceptions. We have heretofore reviewed objections based upon like conduct of counsel which were shown by affidavits, but no objections were made on the ground that the facts and language brought in question were not preserved and embodied in the records by bills of exceptions. We doubt not that, had the objections been made, we would have refused to review the question of misbehavior of counsel; but, at all events, we are now satisfied that correct practice requires that the court below shall certify the facts and language complained of as amounting to misbehavior on the part of counsel."

See, also, *Ford v. Easley*, 88 Iowa 603, 55 N. W. 336; *Everett v. Central Iowa R. Co.*, 73 Iowa 442, 35 N. W. 609; *Smith v. Wilson*, 36 Minn. 334, 31 N. W. 176, 1 Am. St. 669.

III.   Whether interrogatories or special findings shall be submitted to the jury is a matter entirely within the discretion of the trial court.   *Pencil v. Home Ins. Co.*, 3 Wash. 485, 28 Pac. 1031; *Bailey v. Tacoma Traction Co.*, 16 Wash. 48, 47 Pac. 241; *Walker v. McNeill*, 17 Wash. 582, 50 Pac. 518; *Hart Lumber Co. v. Rucker*, 20 Wash. 383, 55 Pac. 320; *Matthews v. Spokane*, 50 Wash. 107, 96 Pac. 827.   In the case last above cited it was said:

"The refusal of the court to submit special findings or a special verdict to the jury is next assigned as error.   Such matters rest entirely within the discretion of the trial court, and its rulings are not subject to review on appeal."

IV.   On the matter of the method by which the jury arrived at its verdict, it appears that eleven jurors voted favorable to the plaintiff, each specifying on a slip of paper the amount that he considered proper.   Thereupon the amounts were added together and divided by eleven, the result being $6,640.92. The foreman then stated:   "All who are in favor of allowing the plaintiff the sum of $6,640.92 will please say yes," or words to that effect, and all the jurors, except the foreman, answered "Yes."   It does not appear that the jurors had agreed in advance to abide by the result.   Where the jurors have not in advance agreed to abide by the result, and after a quotient has been arrived at by adding and dividing, the requisite number of jurors vote for a verdict in this sum, it is not subject to the objection that it was arrived at by lot or chance.   *Watson v. Reed*, 15 Wash. 440, 46 Pac. 647, 55 Am. St. 899; *Stanley v. Stanley*, 32 Wash. 489, 73 Pac. 596; *Bell v. Butler*, 34 Wash. 131, 75 Pac. 130; *Conover v. Neher-Ross Co.*, 38 Wash. 172, 80 Pac. 281, 107 Am. St. 841; *Wiles v. Northern Pac. R. Co.*, 66 Wash. 337, 119 Pac. 810. In *Wiles v. Northern Pac. R. Co., supra,* it was said:

"There was no statement that the jurors had agreed in advance to abide by the result.   Such agreement is the very essence of the misconduct charged.   The burden of showing all the essential elements of the misconduct charged was upon the appellant.   This court has often held that the taking of

a quotient is not in itself misconduct, unless it appears that the jury had agreed in advance to be bound by it; even though the verdict returned be exactly or nearly the amount of the quotient."

V.   It is claimed that, in any event, the verdict was excessive.   If the evidence introduced on behalf of the plaintiff is to be believed, there was substantial evidence to sustain the amount of the verdict.   On the other hand, if the facts are as claimed by the defendants, the verdict would seem to be excessive.   This presents a question for the jury to determine.   We are unable to say that passion or prejudice actuated the jury in arriving at its verdict.

The judgment will therefore be affirmed.

CROW, C. J., ELLIS, FULLERTON, and MORRIS, JJ., concur.